

IN THE
TENTH COURT OF APPEALS

No. 10-09-00006-CV

TOM HILL, JR. AND MARION ANN HILL,

Appellants

v.

KEVIN CROWSON, SHANNON CROWSON,
AND SANDERSON FARMS, INC.,

Appellees

From the 87th District Court
Leon County, Texas
Trial Court No. 0-07-581

MEMORANDUM OPINION

Tom Hill, Jr. and his wife Marion own a 150-acre tract of land. They access this property via a 1.0345-acre tract. They gave R.L. Crowson permission to use the 1.0345-acre tract for access to his property. When R.L. conveyed his property to Kevin Crowson and Shannon Crowson, the Hills granted them permission to use the 1.0345-acre tract as well. Increased traffic across the tract, including Sanderson Farms, Inc. trucks, prompted the Hills to withdraw permission, but the Crowsons and Sanderson continued using the tract. The Hills sued for trespass. The Crowsons and Sanderson

filed a no-evidence motion for summary judgment, which the trial court granted. In three issues, the Hills challenge the trial court's: (1) failure to grant their motion for continuance; (2) failure to rule on objections before granting the no-evidence motion; and (3) granting of the no-evidence motion. We reverse and remand.

## MOTION FOR CONTINUANCE

In issue one, the Hills maintain that the trial court erred by ruling on the no-evidence motion without first granting their motion for continuance.

The Hills filed their summary-judgment response two days before the no-evidence motion was to be heard on submission. The next day, the Crowsons and Sanderson filed objections to the Hills' summary-judgment evidence. The Hills filed a motion for continuance seeking additional time to address and/or cure any defects in their evidence. The trial court did not rule on this motion, but granted the no-evidence motion about one month later.

"Rule of Civil Procedure 251 requires that a continuance motion be supported by affidavit unless the motion is agreed to or a continuance is required by operation of law." *Spigener v. Wallis*, 80 S.W.3d 174, 182 (Tex. App.—Waco 2002, no pet.); TEX. R. CIV. P. 251. The Hills' motion for continuance was not supported by an affidavit and the parties did not agree to a continuance. *See Spigener*, 80 S.W.3d at 182. Accordingly, the trial court did not abuse its discretion by ruling on the no-evidence motion without granting the Hill's motion for continuance. We overrule issue one.

**OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE**

The Hills' second issue challenges the trial court's decision to rule on objections after the no-evidence motion had been granted.

The trial court signed a written order on the Crowsons' and Sanderson's objections nearly one month after the no-evidence motion was granted and only a couple of days after the Hills filed a notice of appeal. Thus, the Hills maintain that the Crowsons and Sanderson waived their objections by failing to obtain a written ruling at or before the granting of the no-evidence motion. Preservation, however, is not the issue before us.

In *Crocker v. Paulyne's Nursing Home*, 95 S.W.3d 416 (Tex. App.—Dallas 2002, no pet.), Crocker argued that summary-judgment objections were waived because a written order on the objections was not entered until after summary judgment was granted. *See Crocker*, 95 S.W.3d at 420. The Dallas Court held that Crocker "confuse[d] a party's duty to preserve error with a trial court's authority to rule on objections." *Id*. The issue was "not whether the Rembrandt Center (which obtained a favorable ruling in the trial court) preserved its complaint for appellate review," but "whether the trial court's order, which was reduced to writing eighty-nine days after the summary judgment was signed, was effective." *Id*. at 420-21. The Dallas Court recognized that "a party must obtain a written ruling on its objections, 'at, before, or very near the time the trial court rules on the motion for summary judgment or *risk* waiver,'" but this "indicates only that a trial court is not *required* to reduce to writing any rulings on summary judgment evidence if it is not timely requested to do so." *Id*. at 421 (citing

*Dolcefino v. Randolph,* 19 S.W.3d 906, 926 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)). The Court held, "[A] trial court may reduce its rulings on summary judgment evidence to writing as long it retains plenary jurisdiction." *Id.*

In this case, the trial court's order on the summary-judgment objections states that the objections were considered, along with the no-evidence motion, on the submission date. The summary-judgment order, however, fails to identify specific rulings on the objections. In light of *Crocker*, the trial court properly reduced its ruling to writing even though the no-evidence motion had previously been granted. *See Crocker*, 95 S.W.3d at 421. We overrule issue two.

### NO-EVIDENCE SUMMARY JUDGMENT

In their third issue, the Hills argue that the trial court improperly granted the no-evidence motion.

We review a no-evidence summary judgment under the same standard of review as a directed verdict. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). "We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Id.* at 582. A no-evidence summary judgment will be defeated if the non-movant produces some evidence "raising an issue of material fact" on the elements challenged by the movant. *Id.*

To recover damages for trespass to real property, a plaintiff must prove that (1) the plaintiff owns or has a lawful right to possess real property, (2) the defendant

entered the plaintiff's land and the entry was physical, intentional, and voluntary, and (3) the defendant's trespass caused injury to the plaintiff. *Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex. App.—Fort Worth 2006, pet. denied). The Crowsons and Sanderson challenged elements one and three.

The Hills maintain that their affidavits raise a fact issue as to element one. In their affidavits, the Hills explained that their attorney contacted the owner of the 1.0345-acre tract, they purchased the tract with cash in 1979, they received a deed, they have been in exclusive possession of the tract for twenty-nine years, and no one has "ever claimed the property or questioned our ownership or possession of the property." They have negotiated oil and gas leases, maintained a fence, constructed a gate, and paid ad valorem taxes on the tract.

The Crowsons and Sanderson objected to the affidavits on grounds that (1) they are conclusory as to ownership and possession; and (2) certified or sworn copies of documents to which the affidavits refer are not attached to the affidavits. The trial court sustained these objections. The Hills do not challenge the trial court's rulings.[1] However, according to the record, the Crowsons and Sanderson did not appear concerned with the Hills' statements regarding actions taken to maintain the tract.

---

[1] The Hills do contend that the trial court entered contradictory rulings by overruling an objection that their affidavits violate the best evidence rule. Whether the affidavits attempt to establish the contents of a document and whether they contain conclusory statements are distinct issues. *See* Tex. R. Evid. 1002 ("To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required except as otherwise provided in these rules or by law."); *see also Choctaw Props., L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235, 242 (Tex. App.—Waco 2003, no pet.) ("A conclusory statement is one that does not provide the underlying facts to support the conclusion."). Thus, the trial court's rulings are not contradictory.

Although the record before us contains no evidence of ownership, the portions of the Hills' affidavits that were not objected to raise a fact issue as to their right to possession. *See Pentagon Enter. v. Sw. Bell Tel. Co.*, 540 S.W.2d 477, 478 (Tex. Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.) ("The gist of an action of trespass to realty is the injury to the right of possession."). The Hills stated that they constructed fencing and a gate on the tract, paid taxes on the tract, and negotiated leases on the tract.

Additionally, to establish damages, the Hills need only show an interference with their right to possession and not actual damages. *See Coastal Oil & Gas Corp. v. Garza Energy Trust*, 268 S.W.3d 1, 12 n. 36 (Tex. 2008) ("[T]respass against a possessory interest…does not require actual injury to be actionable and may result in an award of nominal damages."); *see also General Mills Rest., Inc. v. Texas Wings, Inc.*, 12 S.W.3d 827, 833 (Tex. App.—Dallas 2000, no pet.) ("Even if a plaintiff fails to plead or prove that the defendant did any injury by entering plaintiff's property, the plaintiff is still entitled to nominal damages.").

Accordingly, we conclude that the record contains some evidence of elements one and three of the Hills' trespass claim.[2] Because the trial court erred by granting no-

---

[2]     Citing *Lorino v. Crawford Packing Co.*, 142 Tex. 51, 175 S.W.2d 410 (1943), and other cases, the Crowsons and Sanderson maintain that the Hills' attempt to prove prior possession is based on an evidentiary presumption, not legal evidence. *See Lorino*, 175 S.W.2d at 413 ("[I]n an action of trespass to try title, plaintiff may recover by virtue of prior possession, without proof of title, where no title is shown in the defendant.  Such proof, however, is but a rule of evidence and not of property, and may be rebutted.").  Unlike *Lorino*, this is not a trespass to try title case.  Nor must the Hills prove exclusive possession as part of their trespass claim. *See Wilen v. Falkenstein*, 191 S.W.3d 791, 798 (Tex. App.—Fort Worth 2006, pet. denied); *see also Kazmir v. Benavides*, 288 S.W.3d 557, 561 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (Exclusive possession required to establish adverse possession under section 16.026 of the Civil Practice & Remedies Code).  The Crowsons and Sanderson further contend that the Hills failed to address the damages element.  However, in both their summary judgment response and in their brief, the Hills argued their entitlement to nominal damages absent a showing of actual damage.

evidence summary judgment in favor of the Crowsons and Sanderson, we sustain issue three.

The trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.

FELIPE REYNA
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
      (Chief Justice Gray concurring with note)*
Reversed and remanded
Opinion delivered and filed November 18, 2009
[CV06]

*      (Chief Justice Gray concurs in the judgment only and only to the extent that it reverses the trial court's summary judgment and remands this proceeding. A separate opinion will not issue. He notes, however, that because the scope of the third objection, which was sustained, to the Hills' affidavits is not clear, it is thus not clear what portions of the affidavits were objected to and which statements would remain as summary judgment evidence. The Chief Justice treated this somewhat like a trial before the bench and presumed the trial court considered the evidence that could properly be considered.)