IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00006-CV

 

Tom Hill, Jr. and Marion Ann Hill,

                                                                                    Appellants

 v.

 

Kevin Crowson, Shannon Crowson,

and Sanderson Farms, Inc.,

                                                                                    Appellees

 

 

 



From the 87th District
Court

Leon County, Texas

Trial Court No. 0-07-581

 



MEMORANDUM  Opinion



 








            Tom Hill, Jr. and his wife Marion
own a 150-acre tract of land.  They access this property via a 1.0345-acre
tract.  They gave R.L. Crowson permission to use the 1.0345-acre tract for
access to his property.  When R.L. conveyed his property to Kevin Crowson and Shannon
Crowson, the Hills granted them permission to use the 1.0345-acre tract as
well.  Increased traffic across the tract, including Sanderson Farms, Inc.
trucks, prompted the Hills to withdraw permission, but the Crowsons and
Sanderson continued using the tract.  The Hills sued for trespass.  The
Crowsons and Sanderson filed a no-evidence motion for summary judgment, which
the trial court granted.  In three issues, the Hills challenge the trial court’s:
(1) failure to grant their motion for continuance; (2) failure to rule on
objections before granting the no-evidence motion; and (3) granting of the
no-evidence motion.  We reverse and remand.

MOTION FOR CONTINUANCE

            In issue one, the Hills
maintain that the trial court erred by ruling on the no-evidence motion without
first granting their motion for continuance.  

The Hills filed their summary-judgment
response two days before the no-evidence motion was to be heard on submission. 
The next day, the Crowsons and Sanderson filed objections to the Hills’
summary-judgment evidence.  The Hills filed a motion for continuance seeking
additional time to address and/or cure any defects in their evidence.  The
trial court did not rule on this motion, but granted the no-evidence motion about
one month later.

“Rule of Civil Procedure 251
requires that a continuance motion be supported by affidavit unless the motion
is agreed to or a continuance is required by operation of law.”  Spigener v. Wallis, 80 S.W.3d 174, 182 (Tex. App.—Waco 2002, no pet.); Tex. R.
Civ. P. 251.  The Hills’ motion for continuance was not
supported by an affidavit and the parties did not agree to a continuance.  See
Spigener, 80 S.W.3d at 182. 
Accordingly, the trial
court did not abuse its discretion by ruling on the no-evidence motion without
granting the Hill’s motion for continuance.  We overrule issue one.

 

 

OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

            The Hills’ second issue
challenges the trial court’s decision to rule on objections after the no-evidence
motion had been granted.

The trial court signed a written order
on the Crowsons’ and Sanderson’s objections nearly one month after the
no-evidence motion was granted and only a couple of days after the Hills filed
a notice of appeal.  Thus, the Hills maintain that the Crowsons and Sanderson
waived their objections by failing to obtain a written ruling at or before the
granting of the no-evidence motion.  Preservation, however, is not the issue
before us.

 In
Crocker v. Paulyne’s Nursing Home, 95 S.W.3d 416 (Tex. App.—Dallas 2002,
no pet.), Crocker argued that summary-judgment objections were waived because a
written order on the objections was not entered until after summary judgment was
granted.  See Crocker, 95 S.W.3d at 420.  The Dallas Court held that Crocker
“confuse[d] a party’s duty to preserve error with a trial court’s authority to
rule on objections.”  Id.  The issue was “not whether the Rembrandt Center (which obtained a favorable ruling in the trial court) preserved its
complaint for appellate review,” but “whether the trial court’s order, which
was reduced to writing eighty-nine days after the summary judgment was signed,
was effective.”  Id. at 420-21.  The Dallas Court recognized that “a
party must obtain a written ruling on its objections, ‘at, before, or very
near the time the trial court rules on the motion for summary judgment or risk
waiver,’” but this “indicates only that a trial court is not required
to reduce to writing any rulings on summary judgment evidence if it is not
timely requested to do so.”  Id. at 421 (citing Dolcefino v. Randolph, 19 S.W.3d 906, 926
(Tex. App.—Houston [14th Dist.] 2000, pet. denied)).  The Court held, “[A]
trial court may reduce its rulings on summary judgment evidence to writing as
long it retains plenary jurisdiction.”  Id.

In this case, the trial court’s order on
the summary-judgment objections states that the objections were considered,
along with the no-evidence motion, on the submission date.  The summary-judgment
order, however, fails to identify specific rulings on the objections.  In light
of Crocker, the trial court properly reduced its ruling to writing even
though the no-evidence motion had previously been granted.  See Crocker,
95 S.W.3d at 421.  We overrule issue two.

NO-EVIDENCE SUMMARY JUDGMENT

In their third issue, the Hills argue
that the trial court improperly granted the no-evidence motion.

We review a no-evidence summary judgment
under the same standard of review as a directed verdict.  See Mack Trucks,
Inc. v. Tamez, 206 S.W.3d 572, 581 (Tex. 2006).  “We review the evidence
presented by the motion and response in the light most favorable to the party
against whom the summary judgment was rendered, crediting evidence favorable to
that party if reasonable jurors could, and disregarding contrary
evidence unless reasonable jurors could not.”  Id. at 582.  A
no-evidence summary judgment will be defeated if the non-movant produces some
evidence “raising an issue of material fact” on the elements challenged by the
movant.  Id.

To recover damages for trespass to real
property, a plaintiff must prove that (1) the plaintiff owns or has a lawful
right to possess real property, (2) the defendant entered the plaintiff’s land
and the entry was physical, intentional, and voluntary, and (3) the defendant’s
trespass caused injury to the plaintiff.  Wilen v. Falkenstein, 191 S.W.3d 791, 798 (Tex. App.—Fort Worth 2006, pet.
denied).  The Crowsons and Sanderson challenged elements one and three.

The Hills maintain that their affidavits
raise a fact issue as to element one.  In
their affidavits, the Hills explained that their attorney contacted the owner
of the 1.0345-acre tract, they purchased the tract with cash in 1979, they
received a deed, they have been in exclusive possession of the tract for
twenty-nine years, and no one has “ever claimed the property or questioned our
ownership or possession of the property.”  They have negotiated oil and gas
leases, maintained a fence, constructed a gate, and paid ad valorem taxes on the
tract.

The Crowsons and Sanderson objected to
the affidavits on grounds that (1) they are conclusory as to ownership and
possession; and (2) certified or sworn copies of documents to which the
affidavits refer are not attached to the affidavits.  The trial court sustained
these objections.  The Hills do not challenge the trial court’s rulings.[1] 
However, according to the record, the Crowsons and Sanderson did not appear
concerned with the Hills’ statements regarding actions taken to maintain the
tract.

Although the record before us contains
no evidence of ownership, the portions of the Hills’ affidavits that were not
objected to raise a fact issue as to their right to possession.  See Pentagon
Enter. v. Sw. Bell Tel. Co., 540 S.W.2d 477, 478 (Tex. Civ. App.—Houston
[14th Dist.] 1976, writ
ref’d n.r.e.) (“The gist of an action of trespass to realty is the injury to
the right of possession.”).  The Hills stated that they constructed fencing and
a gate on the tract, paid taxes on the tract, and negotiated leases on the
tract.

Additionally, to establish damages, the
Hills need only show an interference with their right to possession and not
actual damages.  See Coastal Oil & Gas Corp. v. Garza Energy Trust,
268 S.W.3d 1, 12 n. 36 (Tex. 2008) (“[T]respass against a possessory
interest…does not require actual injury to be actionable and may result in an
award of nominal damages.”); see also General Mills Rest., Inc. v. Texas
Wings, Inc., 12 S.W.3d 827, 833 (Tex. App.—Dallas 2000, no pet.) (“Even if
a plaintiff fails to plead or prove that the defendant did any injury by
entering plaintiff's property, the plaintiff is still entitled to nominal
damages.”).

Accordingly, we conclude that the record
contains some evidence of elements one and three of the Hills’ trespass claim.[2]  Because the trial court erred by
granting no-evidence summary judgment in favor of the Crowsons and Sanderson,
we sustain issue three.

The trial court’s judgment is reversed
and remanded for further proceedings consistent with this opinion.

 

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Reversed and
remanded

Opinion
delivered and filed November 18, 2009 

[CV06]

 

*           (Chief
Justice Gray concurs in the judgment only and only to the extent that it
reverses the trial court’s summary judgment and remands this proceeding.  A
separate opinion will not issue.  He notes, however, that because the scope of
the third objection, which was sustained, to the Hills’ affidavits is not
clear, it is thus not clear what portions of the affidavits were objected to
and which statements would remain as summary judgment evidence.  The Chief
Justice treated this somewhat like a trial before the bench and presumed the
trial court considered the evidence that could properly be considered.)

 

 

    
 

 

 

 









[1]               The
Hills do contend that the trial court entered contradictory rulings by
overruling an objection that their affidavits violate the best evidence rule. 
Whether the affidavits attempt to establish the contents of a document and
whether they contain conclusory statements are distinct issues.  See Tex. R. Evid. 1002 (“To prove the
content of a writing, recording, or photograph, the original writing,
recording, or photograph is required except as otherwise provided in these
rules or by law.”); see also Choctaw Props., L.L.C. v. Aledo I.S.D., 127 S.W.3d 235, 242
(Tex. App.—Waco 2003, no pet.) (“A conclusory statement is one that does not
provide the underlying facts to support the conclusion.”).  Thus, the trial
court’s rulings are not contradictory.





[2]               Citing Lorino
v. Crawford Packing Co., 142 Tex. 51, 175 S.W.2d 410 (1943), and other
cases, the Crowsons and Sanderson maintain that the Hills’ attempt to prove
prior possession is based on an evidentiary presumption, not legal evidence.  See
Lorino, 175 S.W.2d at 413 (“[I]n an action of trespass to try title,
plaintiff may recover by virtue of prior possession, without proof of title,
where no title is shown in the defendant.  Such proof, however, is but a rule
of evidence
and not of property, and may be rebutted.”).  Unlike Lorino, this is not
a trespass to try title case.  Nor must the Hills prove exclusive possession as
part of their trespass claim.  See Wilen v. Falkenstein, 191 S.W.3d 791,
798 (Tex. App.—Fort Worth 2006, pet. denied); see also Kazmir v. Benavides,
288 S.W.3d 557, 561 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (Exclusive
possession required to establish adverse possession under section 16.026 of the
Civil Practice & Remedies Code).  The Crowsons and Sanderson further
contend that the Hills failed to address the damages element.  However, in both
their summary judgment response and in their brief, the Hills argued their
entitlement to nominal damages absent a showing of actual damage.