**AFFIRM; and Opinion Filed August 4, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01596-CV

### STEFFANY JACKSON, Appellant
### V.
### AMERICAN HOME MORTGAGE SERVICING, INC., Appellee

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-02539-2011**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice FitzGerald

Appellant Steffany Jackson sued appellee American Home Mortgage Servicing, Inc., alleging that appellee was wrongfully attempting to evict her from her home. The trial judge rendered a take-nothing summary judgment against appellant. Appellant timely appealed. We affirm.

Appellant pleaded four claims against appellee: (1) violations of the Texas Deceptive Trade Practices Act, (2) fraud by nondisclosure, (3) trespass to try title, and (4) breach of contract. Appellee filed a motion for summary judgment in which it first attacked every claim on traditional grounds and then attacked every claim on no-evidence grounds. After appellant failed to file a response, the trial judge signed a take-nothing summary judgment in which she stated that the summary-judgment motion was granted "on all the grounds stated therein." This

summary-judgment order became final when appellee nonsuited its counterclaims against appellant and the trial judge signed an order granting that nonsuit.

Appellant raises two issues on appeal. In her first issue, she contends that appellee's traditional summary-judgment grounds were not meritorious because its summary-judgment evidence was incompetent. In her second issue, she contends that appellee's no-evidence grounds were not meritorious because they lacked the specificity required by Texas Rule of Civil Procedure 166a(i). We need address only appellant's second issue.

A no-evidence motion for summary judgment must specifically state which elements of the nonmovant's claims lack supporting evidence.[1] Appellant argues that appellee's no-evidence motion is insufficient because it "merely recites the elements of each cause of action." The record refutes appellant's argument. The no-evidence portion of appellee's motion contains the following passage:

> Plaintiff has had an adequate time to conduct discovery after filing this suit on June 15, 2011, and she has no evidence supporting one or more essential elements of her claims against AHMSI. Specifically:
>
> a. There is no evidence of the following elements of Plaintiff's DTPA claims: (1) AHMSI committed a wrongful act under the DTPA; (2) AHMSI's actions were a producing cause of Plaintiff's damages; and (3) Plaintiff suffered injury as a result.
>
> b. There is no evidence of the following elements of Plaintiff's fraud claim: (1) AHMSI intentionally failed to disclose facts; (2) AHMSI had a duty to disclose such facts; (3) Plaintiff did not have an equal opportunity to discover the facts; (4) Plaintiff acted in reliance on AHMSI's omission; and (5) Plaintiff suffered injury as a result.
>
> c. There is no evidence of the following elements of Plaintiff's breach of contract claim: (1) that Plaintiff validly exercised the purchase option; and (2) that Plaintiff was current under the Lease when she exercised the purchase option.

---

[1] *Jose Fuentes Co., Inc. v. Alfaro*, 418 S.W.3d 280, 283 (Tex. App.—Dallas 2013, pet. filed) (en banc); *see also* TEX. R. CIV. P. 166a(i) ("The motion must state the elements as to which there is no evidence.").

d.  There is no evidence of the following elements of Plaintiff's trespass to try title claim: (1) that Plaintiff has any claim to title of the Property.

Appellee did not make a general no-evidence challenge to appellant's case, nor was appellee's motion conclusory.[2] Rather, appellee identified the specific elements of each of appellant's four claims that appellee claimed lacked evidentiary support. Appellant did not object that it was unclear or ambiguous which elements were being attacked as without evidentiary support.[3] Thus, any complaints about the clarity of appellee's motion were waived.[4]

Appellant's sole attack on the no-evidence summary judgment is without merit. Because the no-evidence portion of appellee's summary-judgment motion is sufficient to support the judgment, we need not discuss appellant's first issue concerning appellee's traditional grounds for summary judgment.

We affirm the trial court's judgment

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

121596F.P05

---

[2] *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009) (noting that conclusory motions and general no-evidence challenges to an opponent's case are not permitted by Rule 166a(i)).

[3] *See Crocker v. Paulyne's Nursing Home, Inc.*, 95 S.W.3d 416, 420 (Tex. App.—Dallas 2002, no pet.) (noting supreme-court precedent that "a nonmovant must object to an unclear or ambiguous motion for summary judgment").

[4] *See id.*



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEFFANY JACKSON, Appellant

No. 05-12-01596-CV        V.

AMERICAN HOME MORTGAGE
SERVICING, INC., Appellee

On Appeal from the 417th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 417-02539-2011.
Opinion delivered by Justice FitzGerald.
Justices Moseley and O'Neill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee American Home Mortgage Servicing, Inc. recover its costs of this appeal from appellant Steffany Jackson.

Judgment entered this 4th day of August, 2014.