170 S.W.3d 185 (2005)
Eula YANCY, As the Guardian of the Person and The Estate of Carletha Yates, An Incapacitated Adult, Appellant
v.
UNITED SURGICAL PARTNERS INTERNATIONAL, INC., Valley View Surgical Center, Inc., and Judith Smith, R.N., Appellees.
No. 05-04-00791-CV.
Court of Appeals of Texas, Dallas.
July 12, 2005.
Rehearing Overruled September 13, 2005.
Bryce J. Denny, Cook Yancy King & Galloway, Shreveport, LA, for Appellant.
Walter Andrew Herring, Vernon L Krueger, Chamblee & Ryan, P.C., Oscar Rey Rodriguez, Fulbright & Jaworski L.L.P., Dallas, for Appellee.
Before Justices MORRIS, FRANCIS, and LANG-MIERS.

*187 OPINION
Opinion By Justice MORRIS.
In this medical malpractice case, the trial court granted summary judgment in favor of United Surgical Partners International, Inc., Valley View Surgical Center, Inc., and Judith Smith, R.N. on the ground that the claims against them had been filed outside the limitations period. Eula Yancy, as the guardian of the person and the estate of Carletha Yates, appeals the trial court's judgment contending the statute of limitations governing Yates's claims is unconstitutional as applied to her. Specifically, Yancy argues the statute of limitations violates the "open courts" provision of the Texas Constitution because Yates has been mentally incapacitated continuously since the incident from which her claims arose. After reviewing the summary judgment record, we conclude the trial court properly granted summary judgment in favor of United, Valley View, and Smith because Yancy did not present any competent summary judgment evidence in response to the defendants' motion for summary judgment to create a fact issue about Yates's alleged continuous mental incapacity. We affirm the trial court's judgment.

I.
In May 2000, Carletha Yates underwent a lithotripsy procedure at Valley View Surgical Center. It is alleged that during the course of the procedure, Yates suffered cardio-pulmonary arrest resulting in a permanent anoxic brain injury. Some time after the incident, Yates's mother, Eula Yancy, was appointed as the guardian of both Yates and her estate.
On December 10, 2001, Yancy, in her capacity as Yates's guardian, filed a medical malpractice suit on behalf of Yates against Manuel R. Ramirez, M.D., the anesthesiologist who treated Yates during her surgery, and Ramirez's professional association, Dallas Pain & Anesthesia Associates, P.A. Yancy alleged Ramirez was negligent in his care and treatment of Yates and that this negligence proximately caused Yates's injuries. She also alleged that Ramirez acted with malice and sought punitive damages.
On September 2, 2003, Yancy filed a first amended petition and, for the first time, asserted claims for medical negligence and malice against the appellees in this appeal, United Surgical Partners International, Inc., Valley View Surgical Center, Inc., and Judith Smith, R.N. All three defendants answered and filed motions for summary judgment based on the statute of limitations. United, Valley View, and Smith argued the claims against them were governed by former article 4590i, and under article 4590i, all claims must be brought within two years of the date the cause of action accrued. It is undisputed that Yates's claims accrued in May 2000.
In her response to the motions, Yancy conceded the suit against United, Valley View, and Smith was filed outside the limitations period. Yancy argued, however, that the statute of limitations did not bar Yates's claims because the statute was unconstitutional as applied to Yates. According to Yancy, Yates has been mentally incapacitated continuously since the date of her surgery as a result of the defendants' negligence. Therefore, the application of a limitations period to Yates's claims would violate the "open courts" provision of the Texas Constitution.
In support of her response, Yates submitted the affidavits of two registered nurses: Anaise "Sis" Theuerkauf, CRRN, CCM and Cindy Sacker, RN, BSN, CNOR. Theuerkauf testified she was a certified rehabilitation nurse, certified case *188 manager, and life care planner. She further stated,
It is my opinion based upon personal observations, assessment, interviews and review of her medical records and diagnoses of her treating physicians that Carletha Yates is in a comatose, vegetative state, and, based on my review of her medical records, she has been in such a condition consistently and uninterrupted since her anoxic brain injury suffered on May 3, 2000, while a patient at Valley View Surgery Center. She has been totally disabled continuously since May 3, 2000.
Although some of Yates's medical records were submitted as summary judgment evidence, the records made a part of the summary judgment record pertained only to Yates's pre-operative assessments and her surgery on May 3, 2000. There are no medical records concerning Yates's condition after the surgery in the summary judgment record.
In Sacker's affidavit, she stated she was a registered nurse and a certified operating room nurse. Sacker further states that she reviewed Yates's medical records from Valley View as well as various manuals, job descriptions, and depositions. Sacker goes on to opine that
Based upon my personal review, knowledge, experience and belief, . . . [it] is my opinion that Valley View Surgery Center and nurse Judith Smith breached their duty of care owed to their patient, Carletha Yates, and that the breaches of duty and the applicable standards of care resulted in damage to Carletha Yates suffering a permanent anoxic brain injury.
Attached to Sacker's affidavit is a report she wrote setting forth her conclusions relating to the alleged breaches of the applicable standard of care by the Valley View Surgical Center nursing staff. At the end of the report, Sacker states that Yates ". . . has suffered a catastrophic, irreversible, brain injury, rendering her comatose and totally unresponsive, requiring her family to assume responsibility for her care."
United, Valley View, and Smith objected to Yancy's summary judgment evidence arguing, among other things, that Theuerkauf's and Sacker's affidavits contained unsupported conclusions and failed to show how they were qualified to testify regarding Yates's alleged mental incapacity. The defendants argued that because the affidavits were incompetent summary judgment evidence, Yancy failed to meet the threshold legal requirement of showing that Yates was mentally incapacitated continually since the date of her injury. Because Yancy failed to raise a fact issue about Yates's alleged mental incapacity, the defendants contended Yancy could not show the statute of limitations was unconstitutional as applied to Yates.
The record does not contain a written ruling on the defendants' objections to the summary judgment evidence. The trial court, however, granted summary judgment in favor of the defendants and dismissed the suit against them with prejudice. Yancy then non-suited her claims against Ramirez and Dallas Pain & Anesthesia Associates making the judgment final. Yancy brings this appeal challenging the summary judgment in favor of United, Valley View, and Smith.

II.
It is undisputed that the claims brought in this suit are health care liability claims and are subject to the rules and requirements of former article 4590i of the *189 Texas Revised Civil Statutes.[1] Section 10.01 of article 4590i states that "[n]otwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed." See Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 10.01, 1977 Tex. Gen. Laws 2052, repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.09, 2003 Tex. Gen. Laws 864, 884 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 74.251 (Vernon 2005)). The section further states the limitations period applies regardless of "legal disability." Id. This court and others have held that general tolling statutes tolling limitations periods due to unsound mind or mental incompetence of the plaintiff are part of the "other law" to which section 10.01 refers and makes such tolling statutes inapplicable to health care liability claims. See Jones v. Miller, 964 S.W.2d 159, 164 (Tex. App.-Houston [14th Dist.] 1998, no pet.); Waters v. Del-Ky, Inc., 844 S.W.2d 250, 255-56 (Tex.App.-Dallas 1992, no writ). Thus, there is no tolling provision for mental incapacity applicable to claims under article 4590i.
As part of their motions for summary judgment, United, Valley View, and Smith submitted evidence showing that Yates's claims arose out of her surgery at Valley View and the date of her surgery and final treatment at Valley View was May 3, 2000. The defendants also submitted a copy of the first amended petition showing that suit against them was not filed until September 2, 2003-more than two years after the occurrence made the basis of Yates's claims. This proof was sufficient to show, as a matter of law, that Yates's claims were filed outside the limitations period. See Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 10.01, 1977 Tex. Gen. Laws 2052, repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.09, 2003 Tex. Gen. Laws 864, 884 (current version at Tex. Civ. Prac. & Rem.Code Ann. § 74.251 (Vernon 2005)).
As stated above, Yancy did not dispute she filed Yates's claims outside the two-year limitations period. Yancy's sole argument to defeat the defendants' motion for summary judgment was that the statute of limitations as applied to Yates's claims would violate the "open courts" provision of the Texas Constitution. Yancy's argument was based on her assertion that Yates was completely and continuously mentally incompetent from the date of her surgery until the date suit was filed and, therefore, had no ability either to bring suit or participate in a suit brought on her behalf. Because Yancy's argument concerned a matter of confession and avoidance, Yancy had the burden of raising a *190 fact issue with respect to her affirmative defense. See Chavez v. Davila, 143 S.W.3d 151, 156 (Tex.App.-San Antonio 2004, pet. denied). It was Yancy's position in the trial court, and it is her position on appeal, that Yates's complete mental incapacity is beyond dispute. What is unquestionably in dispute, however, is the sufficiency of the summary judgment evidence submitted by Yancy to show Yates's mental incapacity.
The limitations period set forth in section 10.01 has been found violative of the Texas Constitution in several cases. In Weiner v. Wasson, the Texas Supreme Court concluded that section 10.01 was unconstitutional as applied to minors. See Weiner v. Wasson, 900 S.W.2d 316, 320 (Tex.1995). The supreme court has yet to address the constitutionality of the limitations period as applied to those who are mentally incapacitated. Several intermediate appellate courts, however, have analogized the situation faced by a mentally incapacitated plaintiff to the situation of a minor to conclude that a statute of limitations that does not toll the limitations period for those who are mentally incapacitated is unconstitutional as applied to a plaintiff who has been shown to be mentally incompetent continuously from the time of injury until the time suit is filed. See Tinkle v. Henderson, 730 S.W.2d 163, 167 (Tex.App.-Tyler 1987, writ ref'd); Felan v. Ramos, 857 S.W.2d 113, 117 (Tex. App.-Corpus Christi 1993, writ denied); Palla v. McDonald, 877 S.W.2d 472, 477 (Tex.App.-Houston [1st Dist.] 1994, no writ). Indeed, it has been noted that "mentally incompetent persons present a more compelling case for legal protection" than minors because they are "frequently less communicative, more vulnerable and dependent than children." See Tinkle 730 S.W.2d at 166. Furthermore, "[t]he mentally incompetent are less likely than children to have someone intimately interested in their welfare and inclined to act on their behalf." Id.; see also Ruiz v. Conoco, 868 S.W.2d 752, 755 (Tex.1993) (citing Tinkle favorably for the proposition that mental incompetents and minors are viewed as substantially similar with respect to need for legal protection).
Common to all the cases holding the statute of limitations for health care liability claims unconstitutional as applied to an incompetent plaintiff is the requirement that the plaintiff show her mental impairment was continuous and totally incapacitating from the time of injury until the time suit was filed. Because the situation faced by a mentally incapacitated plaintiff has been compared to that of a minor child, the legal disability faced by the incompetent plaintiff must be uninterrupted in the same way that a minor's legal disability is continuous until he reaches the age of majority. In Jones v. Miller, the court affirmed a summary judgment in favor of the defendants on the basis of limitations because it concluded the plaintiff failed to provide competent summary judgment evidence to show her alleged mental impairment was continuously and totally disabling from the time of her injury until the time she filed suit. See Jones, 964 S.W.2d at 165. Accordingly, to defeat the motions for summary judgment filed by United, Valley View, and Smith, Yancy was required to produce specific, competent summary judgment evidence sufficient to raise a fact issue regarding her mental capacity to pursue litigation from May 3, 2000 to August 2, 2003. Cf. Grace v. Colorito, 4 S.W.3d 765, 769-70 (Tex. App.-Austin 1999, pet. denied).
The only summary judgment evidence of mental incapacity Yancy provided in response to the defendants' motion for summary judgment was the affidavits of nurses Theurerkauf and Sacker. As we *191 previously stated, the defendants filed numerous objections in the trial court to the two affidavits contending the nurses were not qualified to testify regarding Yates's condition and their statements were nothing more than unsupported conclusions. Although the defendants did not obtain rulings from the trial court on their objections, the alleged defects in the testimony go to the substance of the affidavits and, therefore, the failure to obtain a ruling did not waive the objections. Objections to the substance of an affidavit may be raised for the first time on appeal. See Brown v. Brown, 145 S.W.3d 745, 751 (Tex.App.-Dallas 2004, pet. denied) (conclusory affidavits are substantively defective and failure to obtain ruling on objection does not result in waiver); Bray v. Fuselier, 107 S.W.3d 765, 770 (Tex.App.-Texarkana 2003, pet. denied) (whether expert is qualified goes to substance of affidavit).
In Theuerkauf's affidavit, she states she is "a certified rehabilitation registered nurse, certified case manager, and life care planner who has been duly licensed in nursing in Louisiana, Texas, Mississippi, Arkansas, Alabama, and Tennessee." Theuerkauf provides no other evidence of her qualifications as a medical expert. Theuerkauf goes on to state that, based upon her personal observations, assessment, interviews, and a review of Yates's medical records and diagnoses of Yates's treating physicians, it is her opinion that Yates is in a "comatose, vegetative state" and has been in such a condition "consistently and uninterrupted" since May 3, 2000. Finally, Theuerkauf opines that Yates has been "totally disabled" since the date of her surgery. Theuerkauf's affidavit does not set forth any of the facts upon which her opinion is based. Nor are any of Yates's medical records attached to the affidavit. Yates's medical records from Valley View were attached to Yancy's response to the motion for summary judgment. These records, however, do not continue beyond May 3, 2000, the date of the incident.
Although nurses are not per se barred from providing an expert opinion in a medical malpractice case, a testifying nurse must demonstrate how the matters about which she is opining fall within her knowledge, skill, experience, and training. See Crocker v. Paulyne's Nursing Home, Inc., 95 S.W.3d 416, 422 (Tex.App.-Dallas 2002, no pet.). In short, the nurse must demonstrate her qualifications. And, as a matter of statutory regulation, nurses are prohibited from making any type of medical diagnosis. See TEX. OCC.CODE ANN. § 301.002 (Vernon 2004). Nurses necessarily lack the requisite qualifications, therefore, to testify on subjects that require making a medical diagnosis. See Costello v. Christus Santa Rosa Health Care Corp., 141 S.W.3d 245, 248 (Tex.App.-San Antonio 2004, no pet.).
Theuerkauf's statement that Yates has been in a "comatose, vegetative state" consistently since the date of her surgery is a medical diagnosis that Theurkauf has not shown herself qualified to render. Theurkauf did not establish that she had any specialized expertise as a nurse to provide legally competent testimony about Yates's mental condition. See Crocker v. Paulyne's Nursing Home, Inc., 95 S.W.3d at 422. Furthermore, there is no evidence to indicate the extent to which Theuerkauf's opinion is based on her personal observations and to what extent she is simply relying on the opinions of others. In her affidavit, Theuerkauf states that her opinion is based in part on Yates's medical records and "the diagnoses of her treating physicians." But none of these records or diagnoses are in the summary judgment record, and an affidavit that merely assumes that another's diagnosis is correct is *192 not proper summary judgment evidence. See Elliott v. Methodist Hosp., 54 S.W.3d 789, 795 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). Based on the foregoing, we conclude Theuerkauf's affidavit expressing a medical diagnosis is not competent summary judgment evidence to show that Yates was continually and totally mentally incapacitated from the time of her injury until the time she filed suit.
We do not foreclose the possibility, however, that a nurse or even a lay person could, without expressing a medical diagnosis, provide competent summary judgment proof that a plaintiff has been continually and completely mentally incapacitated from the time of the injury until the time suit was filed. Cf. Praytor v. Ford Motor Co., 97 S.W.3d 237, 241 (Tex. App.-Houston [14th Dist.] 2002, no pet.) (lay person testimony will suffice when general experience and common sense enable lay person to form opinion). It is conceivable that even a non-expert witness could testify to facts sufficient to demonstrate the plaintiff was incapable of either bringing suit or understanding or participating in a suit brought on her behalf during the limitations period. For example, a witness could testify that she cared for the plaintiff or was in the presence of the plaintiff on an ongoing basis from the time of her injury and, at all relevant times, the plaintiff was unresponsive, uncommunicative, and incapable of caring for herself. Given a sufficient factual basis, expert medical testimony may not be necessary to raise a fact issue about a mental impairment being continuous and disabling.
Here, Theuerkauf states in her affidavit that she personally visited and assessed Yates. But she sets forth no facts or observations from that assessment to support her opinion that Yates has been "totally disabled" since the date of her surgery. Affidavits in support of or opposing a motion for summary judgment must be factual to have probative value. See Hodgkins v. Bryan, 99 S.W.3d 669, 674 (Tex.App.-Houston [14th Dist.] 2003, no pet.). Conclusory statements are not proper summary judgment proof. Id. Because Theuerkauf's statements were wholly conclusory in nature and her affidavit contained no supporting facts, her testimony is insufficient to raise a fact issue about Yates's mental capacity during the limitations period.
Sacker's affidavit is similarly flawed. By merely setting forth her certifications as a registered nurse, Sacker has not shown herself qualified to render the diagnosis that "Yates is suffering a permanent anoxic brain injury." In addition, not only does Sacker's affidavit fail to include any facts sufficient to show that Yates was continually mentally incapacitated from the date of her surgery until the date suit was filed, but Sacker also states that her opinion regarding Yates's condition is based entirely on her review of Yates's medical records from Valley View and the deposition transcripts of those involved with her care at Valley View. Yates was not treated at Valley View after May 3, 2000. Therefore, Sacker could not have formed an opinion about Yates's condition after that date.
We recognize that in filing her response to the motion for summary judgment, Yancy believed it was "truly uncontroverted" that Yates was in a permanent vegetative state and that to suggest otherwise would be "sanctionable." The defendants specifically did controvert the matter, however, and, unfortunately, Yancy's beliefs did not relieve her of the burden of providing competent summary judgment proof relating to Yates's mental incapacity. Because Yancy failed to provide competent summary judgment evidence regarding Yates's *193 mental capacity, she failed to raise a fact issue about the constitutionality of the statute of limitations for health care liability claims as applied to Yates. We affirm the trial court's summary judgment in favor of United, Valley View, and Smith.
NOTES
[1] Yancy's amended petition is file stamped September 2, 2003, two days after article 4590i was effectively repealed. In passing the new Medical Liability Act, the legislature specified that "[a]n action filed before the effective date of this Act, including an action filed before that date in which a party is joined or designated after that date, is governed by the law in effect immediately before the change in law made by this Act, and that law is continued in effect for that purpose." See Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 23.02(d), 2003 Tex. Gen. Laws 864, 899. Furthermore, it appears that Yancy placed her amended petition in the mail to the court clerk on August 28, 2003, and, therefore, the "mailbox rule" would bring the claims under the former law. See Bailey v. Hutchins, 140 S.W.3d 448, 451 (Tex.App.-Amarillo 2004, pet. denied). Finally, for the purposes of our discussion, there is no substantive difference between the old law and the new law as both acts include a two-year statute of limitations for health care liability claims regardless of any "legal disability" of the claimant.