# NO. 12-11-00251-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DWAYNE GILBREATH AND PATSY GILBREATH,* *APPELLANTS* | § | *APPEAL FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *MATTIE STEED AND PAT BIRMINGHAM,* *APPELLEES* | § | *WOOD COUNTY, TEXAS* |

### *MEMORANDUM OPINION ON REHEARING*

Appellees have filed a motion for rehearing, which is granted in part and overruled in part. The court's opinion dated November 21, 2012 and the corresponding judgment are withdrawn, and the following opinion and judgment are substituted in their place.

Dwayne Gilbreath and Patsy Gilbreath appeal the trial court's summary judgments entered in favor of Pat Birmingham, individually and as the independent executrix of the Estate of Mattie Steed.[1] In three issues, the Gilbreaths argue that the trial court erred in granting summary judgments in favor of Birmingham and the Estate and awarding attorney's fees. We affirm in part and reverse and render in part.

### BACKGROUND

J.W. Steed was married to Mattie Steed. During their marriage, J.W. acquired the subject property from his parents. The deed transferring the property stated, in pertinent part, as follows:

---

[1] We recognize that an estate is not a legal entity that can sue or be sued. *See* *Henson v. Estate of Crow*, 734 S.W.2d 648, 649 (Tex. 1987). However, judgment on behalf of an estate is not void if the personal representative of the estate appears in or participates in the lawsuit. *See* *Estate of C.M. v. S.G.*, 937 S.W.2d 8, 10 (Tex. App.–Houston [14th Dist.] 1996, no writ); *Dueitt v. Dueitt*, 802 S.W.2d 859, 861 (Tex. App.–Houston [1st Dist.] 1991, no writ). In the instant case, following the death of Mattie Steed, Birmingham filed a suggestion of death in which she set forth that she had been named executrix of Mattie's estate (the Estate). From time to time, we may refer to the Estate instead of Birmingham in her representative capacity for clarity and ease of reference.

In the event that Grantee herein desires to sell the property at anytime [sic] in the future, the following named individuals, hereinafter called Optionees, shall have the first right to purchase the land: Pat Birmingham, Andy Steed, Gary Steed, Vickie James, and Jelline Steed. In the event that Grantee desires to sell the property, Grantee shall secure from a prospective buyer, which may include any of the Optionees, a written offer to purchase the property, including the amount of the purchase price. Grantee shall then give notice of said written offer to all Optionees. Any or all of the Optionees shall have the first right to purchase the property at an amount equal to, or greater than, the amount stated in the said [sic] written offer to purchase, and said Optionee shall have a period of six months in which to secure and to pay to Grantee the amount of the purchase money. Grantee shall give notice to the prospective buyer of this first right to purchase.

J.W. and Mattie lived on the property, and it is undisputed that the property was their homestead. In time, Mattie's health deteriorated and she moved to a nursing home.

In late 1999, J.W. conveyed the property to his son, William, but continued to live on it.[2] The deed from J.W. to William was recorded in December 1999. Shortly before J.W.'s death in December 2002, Birmingham discovered that J.W. had sold the property to William. On April 29, 2003, William sold the property to the Gilbreaths. The deed to the Gilbreaths was recorded on May 5, 2003.

On June 6, 2007, the Gilbreaths filed the instant suit against Mattie to determine whether Mattie had maintained a homestead right in the property. Mattie filed a counterclaim seeking a declaratory judgment concerning her right to possess the property. Mattie further sought to recover damages and attorney's fees. On October 9, 2007, Birmingham intervened and sought to enforce her right of first refusal. Mattie died in December 2007, and Birmingham proceeded as independent executrix of her estate. Thereafter, all parties filed motions for summary judgment.[3] The trial court granted Birmingham's traditional and no evidence motions as well as the Estate's traditional motion and denied the Gilbreaths' motion. This appeal followed.

## SUMMARY JUDGMENT

The standard for reviewing a traditional summary judgment is well established. *See Sysco Food Servs. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994); *Nixon v. Mr. Prop. Mgmt.*

---

[2] The deed included a recital that William gave J.W. ten dollars and other good and valuable consideration in exchange for the property. Mattie was not listed as a grantor in the deed nor did she otherwise consent to the transfer.

[3] Birmingham also filed a no evidence motion for summary judgment. Moreover, the Estate filed a motion for summary judgment on her counterclaim.

*Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *First Union Nat'l Bank v. Richmont Capital Partners I, L.P.*, 168 S.W.3d 917, 923 (Tex. App.–Dallas 2005, no pet.). The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548. When the movant seeks summary judgment on a claim in which the nonmovant bears the burden of proof, the movant must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). When the movant seeks summary judgment on a claim in which the movant bears the burden of proof, the movant must prove all essential elements of the claim. *Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 201 (Tex. App.–Houston [1st Dist.] 2007, no pet.). Once the movant has established a right to summary judgment, the burden shifts to the nonmovant to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

Additionally, after an adequate time for discovery has passed, a party without the burden of proof at trial may move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claim. *See* TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). We review a no evidence motion for summary judgment under the same legal sufficiency standards as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *Id.* at 751. If the evidence supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *Id.*

3

In both traditional and no evidence summary judgment motions, we review the entire record de novo and in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). If the trial court's order does not specify the grounds on which it granted summary judgment, we affirm the trial court's ruling if any of the theories advanced in the motion is meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

Moreover, when a party moves for both a traditional and a no evidence summary judgment, generally, we first review the trial court's summary judgment under the no evidence standards of Rule 166a(i); *Ridgway*, 135 S.W.3d at 600. If the no evidence summary judgment was properly granted, we do not reach arguments made under the traditional motion for summary judgment. *See id.* at 602. It logically follows, however, that this rule cannot be applied unless the same issue was raised in both motions. *See Dunn v. Clairmont Tyler, LP*, 271 S.W.3d 867, 870 (Tex. App.–Tyler 2008, no pet.). In this case, the limitations issue is dispositive of Birmingham's claims, but was raised only the parties' respective traditional motions. *See id.* Therefore, we need not address Birmingham's no evidence motion for summary judgment.

## LIMITATIONS

In their first issue, the Gilbreaths argue that the trial court erred by granting summary judgment for Birmingham because her cause of action was barred by limitations.[4]

### Conveyance of Property Subject to Homestead Interest

A conveyance by a husband, not joined by his wife, of the homestead property is merely inoperative while the property continues to be homestead, or until such time as the homestead may be abandoned, or the deed ratified in accordance with law. *Grissom v. Anderson*, 79 S.W.2d 619, 621 (Tex. 1935). That is, the conveyance is void as to the wife's interest, and she

---

[4] The Gilbreaths raised the issue of limitations in their response to Birmingham's traditional motion for summary judgment. Limitations also was one of the bases for their motion for summary judgment.

will not be bound by the husband's conveyance of land in which she has a homestead interest. *See Tolman v. Overstreet*, 590 S.W.2d 635, 638 (Tex. Civ. App.–Tyler 1979, no writ).

## Right of First Refusal

A right of first refusal, as a preemptive right, requires the property owner to first offer the property to the person holding the right of first refusal at the stipulated price and terms in the event the owner decides to sell the property. *Comeaux v. Suderman*, 93 S.W.3d 215, 219 (Tex. App.–Houston [14th Dist.] 2002, no pet.); *Riley v. Campeau Homes (Texas), Inc.*, 808 S.W.2d 184, 187 (Tex. App.–Houston [14th Dist.] 1991, writ dism'd by agmt.). Unlike an option contract, a right of first refusal does not give the lessee the power to compel an unwilling owner to sell. *Riley*, 808 S.W.2d at 187; *Sanchez v. Dickinson*, 551 S.W.2d 481, 484 (Tex. Civ. App.– San Antonio 1977, no writ). However, once an owner decides to sell, there is an obligation to offer the holder of the right of first refusal the opportunity to buy the property on the terms offered by a bona fide purchaser. *Suderman*, 93 S.W.3d at 219; *Riley*, 808 S.W.2d at 187; *Sanchez*, 551 S.W.2d at 486.

## Statutes of Limitations

The primary purpose of statutes of limitations is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex. 1988); *see also Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734–35 (2001) (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996); *S.V. v. R.V.*, 933 S.W.2d 1, 3 (Tex. 1996)). It is in society's best interest to grant repose by requiring that disputes be settled or barred within a reasonable time. *Horwood*, 58 S.W.3d 732, 734–35. Generally a cause of action accrues when a wrongful act causes a legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred. *See S.V.*, 933 S.W.2d at 3; *see also Li v. University of Tex. Health Sci. Ctr. at Houston*, 984 S.W.2d 647, 651 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). The discovery rule is the legal principle which, when applicable, provides that limitations begins to run from the date the plaintiff discovers or should have discovered, in the exercise of reasonable care and diligence, the nature of the injury. *See Childs v. Haussecker*, 974 S.W.2d 31, 40 (Tex. 1998); *LaGloria Oil & Gas Co. v. Carboline Co.*, 84 S.W.3d 228, 234 (Tex. App.–Tyler 2001, pet. denied).

5

Discovering the "nature of the injury" requires knowledge of the wrongful act and the resulting injury. *See Childs*, 974 S.W.2d at 40.

**Birmingham's Right of First Refusal**

Here, the parties agree that Birmingham's ripened right of first refusal is governed by a four year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(1) (West 2002). Birmingham argues, however, that the limitations period was tolled because Mattie's homestead interest rendered the sale of the property "inoperative." But as set forth above, a conveyance such as this is void only as to Mattie's interest in the property. *See Tolman*, 590 S.W.2d at 638. Birmingham has cited no authority, nor are we aware of any, that supports her proposition that sale of homestead property without the consent of both spouses in disregard of a third party's right of first refusal tolls the limitations period on the right of first refusal once it has become ripe. Instead, Birmingham's right of first refusal ripened into an option when J.W. elected to sell the property. *See Suderman*, 93 S.W.3d at 220; *Riley*, 808 S.W.2d at 188; *Sanchez*, 551 S.W.2d at 484.

Assuming arguendo that the discovery rule applied under the facts at hand, the limitations period began to run, at the latest, in December 2002, when Birmingham discovered that J.W. had sold the property to William. Accordingly, the limitations period expired in December 2006. Thus, by the time the instant suit was filed in June 6, 2007, and when Birmingham intervened in October 9, 2007, Birmingham's cause of action was barred by limitations. Accordingly, we hold that the trial court erred in granting Birmingham's traditional motion for summary judgment and in denying the Gilbreaths' motion to the extent it pertained to Birmingham's suit's being time barred. The Gilbreaths' first issue is sustained.

### AWARD OF RENTALS TO THE ESTATE OF MATTIE STEED

In their second issue, the Gilbreaths argue that the trial court erred by granting summary judgment in favor of the Estate because (1) there was a fact question concerning whether Mattie abandoned her homestead rights in the property and (2) no evidence or, at least, a fact question concerning their allegedly ousting Mattie from the property.

6

**Texas Homesteads**

The homestead interest is a legal interest created by the Texas Constitution that protects property from all but the few types of constitutionally permitted liens that may be imposed against a homestead. *See **Heggen v. Pemelton***, 836 S.W.2d 145, 148 (Tex. 1992); ***Florey v. Estate of McConnell***, 212 S.W.3d 439, 443 (Tex. App.–Austin 2006, pet. denied); *see also* TEX. CONST. art. XVI, § 50. Homesteads are protected from forced sale for the payment of debts, except for those debts specifically enumerated in the constitution, including debts incurred for purchase money on the homestead, taxes thereon, work or services performed thereon, certain extensions of credit, and certain reverse mortgages. TEX. CONST. art. XVI, § 50(a); *see* TEX. PROP. CODE ANN. § 41.001(b) (West Supp. 2012). Constitutional homestead rights protect citizens from losing their homes; accordingly, statutes relating to homestead rights are liberally construed to protect the homestead. ***Florey***, 212 S.W.3d at 443; ***Kendall Builders, Inc. v. Chesson***, 149 S.W.3d 796, 807 (Tex. App.–Austin 2004, pet. denied). Homestead rights have historically enjoyed great protection in our jurisprudence. ***Flory***, 212 S.W.3d at 443.

Property that has been designated as a homestead will lose that character only through abandonment, death, or alienation. ***Flory***, 212 S.W.3d at 443–44; ***Majeski v. Estate of Majeski***, 163 S.W.3d 102, 107 (Tex. App.–Austin 2005, no pet.). Evidence establishing the abandonment of a homestead "must be undeniably clear" and must show "beyond almost the shadow, at least (of) all reasonable ground of dispute, that there has been a total abandonment with an intention not to return and claim the exemption." ***Burkhardt v. Lieberman***, 159 S.W.2d 847, 852 (Tex. 1942); ***Estate of Montague v. Nat'l Loan Investors, L.P.***, 70 S.W.3d 242, 248 (Tex. App.–San Antonio 2001, pet. denied). To be an abandonment that would subject the homestead property to seizure and sale, there must be a voluntary leaving or quitting of the residence. ***King v. Harter***, 8 S.W. 308, 309 (Tex. 1888); ***Flory***, 212 S.W.3d at 444. Whether a person has abandoned her homestead is generally a fact question. *See **id.*** (citing ***Scott v. Estate of Scott***, 973 S.W.2d 694, 695–96 (Tex. App.–El Paso 1998, no pet.); ***Exocet, Inc. v. Cordes***, 815 S.W.2d 350, 355 (Tex. App.–Austin 1991, no writ)).

*Unpleaded Affirmative Defense Raised in Summary Judgment Pleadings*

The Estate first argues that the Gilbreaths cannot rely on the affirmative defense of abandonment because it was not raised in in their original petition or any amendment thereto.

7

A party relying on an affirmative defense must specifically plead the defense. *See* TEX. R. CIV. P. 94. A properly pleaded affirmative defense, supported by uncontroverted summary judgment evidence, may serve as the basis for a summary judgment. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991). Moreover, an unpleaded affirmative defense may also serve as the basis for a summary judgment when it is raised in the summary judgment motion, and the opposing party does not object to the lack of a Rule 94 pleading in either its written response or before the rendition of judgment. *Id.*

In the instant case, the Gilbreaths raised Mattie's alleged abandonment of her homestead rights in their response to the Estate's motion for summary judgment. The Estate filed a reply to the Gilbreaths' response. However, despite the numerous other objections raised in its reply, the Estate did not object to the Gilbreaths' reliance on this unpleaded affirmative defense. *Id.* at 495 ("Under rule 166a(c) of our Rules of Civil Procedure, issues that are not expressly presented to the trial court by written motion, answer or response will not serve as grounds for reversal of a summary judgment on appeal. The failure to plead an affirmative defense under rule 94 is an issue that must be raised in the trial court, or it may not be urged on appeal."). Therefore, we hold that the Gilbreaths were not prohibited from relying on the affirmative defense of abandonment in their response to the Estate's motion for summary judgment.

### Abandonment of Homestead Interest

The summary judgment record contains evidence that Mattie had not lived on the property for many years. However, the evidence indicates that on May 12, 2007, Mattie expressed an intent to return to the property and live there if she could find someone to move onto the property with her and take care of her. Mattie further stated that she could not care for herself. She admitted that she had not been able to find anyone to move onto the property and take care of her.

The Gilbreaths contend that they were not liable to the Estate for rentals because Mattie had abandoned her homestead interest. Specifically, the Gilbreaths argue that Mattie's statement that she intended to return to the property is immaterial because it was dependent upon a contingency that might never occur, i.e., her finding a caregiver to live on the property with her. *See, e.g., McDowell v. Northcross*, 162 S.W. 13, 16 (Tex. Civ. App.–Amarillo 1913, no writ) (intention to again resume business in business homestead at an indefinite time in future,

8

dependent upon a contingency that might never happen, does not retain and perpetuate previous homestead character of property). However, the Gilbreaths have not cited to, nor is this court aware of, any authority applying this rule concerning business homestead rights to a person's residential homestead rights. And even were we to apply the rule in *McDowell* to the facts in the instant case, our doing so would not advance the Gilbreaths' position. The Gilbreaths had the burden to prove that Mattie had abandoned her homestead rights under this strict standard. *See McFarland v. Rousseau*, 667 S.W.2d 929, 931 (Tex. App.–Corpus Christi 1984, no writ). Even if Mattie's statement that she intended to return to the property is disregarded, the absence of that statement does not prove that she had any intention to abandon her homestead.

We stress that evidence establishing the abandonment of a homestead "must be undeniably clear" and must show "beyond almost the shadow, at least (of) all reasonable ground of dispute, that there has been a total abandonment with an intention not to return and claim the exemption." *Burkhardt*, 159 S.W.2d at 852; *Estate of Montague*, 70 S.W.3d at 248. That Mattie, at some point, possessed a homestead interest in the property is uncontested on appeal. Although Mattie had not resided on the property for many years, the summary judgment evidence is uncontroverted that she expressed an intent to return. Even though her statement of intent was contingent on her finding a caregiver to live on the property with her, this qualification of her statement of intent to return to the property does not disrupt or reverse the proof of her intent. Nor does it create a fact issue concerning whether she intended to abandon her homestead rights. Therefore, because the summary judgment evidence conclusively indicates that Mattie had a homestead interest in the property, and the Gilbreaths have not otherwise challenged the trial court's order, we hold that the trial court did not err in granting summary judgment on the Estate's claim for rentals. The Gilbreaths' second issue is overruled.

### ATTORNEY'S FEES

In their third issue, the Gilbreaths contend that the trial court erred in awarding attorney's fees to Birmingham and the Estate because that award was predicated upon its ruling that they were entitled to summary judgment. As set forth above, the trial court erred in granting summary judgment in Birmingham's favor, but appropriately granted summary judgment for the Estate. Accordingly, we hold that Birmingham is not entitled to recover attorney's fees, but any

9

award of attorney's fees to the Estate is not erroneous.  The Gilbreaths' third issue is sustained in part and overruled in part.

### DISPOSITION

We have sustained the Gilbreaths' first issue, overruled their second issue, and sustained in part and overruled in part their third issue.  Having done so, we *reverse* the trial court's judgment to the extent that it grants relief to Birmingham individually and *render* judgment that Birmingham in her individual capacity take nothing by her suit.  The remainder of the trial court's judgment is ***affirmed***.

**SAM GRIFFITH**
Justice

Opinion delivered May 15, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

10



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 15, 2013**

## NO. 12-11-00251-CV

### DWAYNE GILBREATH AND PATSY GILBREATH,
Appellants

V.

### MATTIE STEED AND PAT BIRMINGHAM,
Appellees

---

Appeal from the 402nd Judicial District Court
of Wood County, Texas. (Tr.Ct.No. 2007-372)

---

THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment of the court below insofar as it pertains to the trial court's judgment granting relief to **PAT BIRMINGHAM** individually.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below wherein the trial court granted relief to **PAT BIRMINGHAM** in her individual capacity is hereby **reversed** and judgment **rendered** that **PAT BIRMINGHAM**, individually, take nothing by her suit. In all other respects, the judgment of the trial court is **affirmed.** All costs in this cause shall be assessed one-half against the Appellants, **DWAYNE GILBREATH AND PATSY GILBREATH** and one-half against the Appellee, **PAT BIRMINGHAM**, individually, for which let execution issue; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*